**Thelma GREGOR, a/k/a Thelma Hayes, a/k/a Thelma White, Appellant,**

**v.**

**CITY OF FAIRBANKS, a Municipal Corporation, Appellee.**

**No. 4154.**

Supreme Court of Alaska.

Sept. 14, 1979.

Thomas G. Burke, Seattle, Wash., and Irwin Ravin, Fairbanks, for appellant.

Herbert P. Kuss, Deputy City Atty., Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

On August 16, 1975, the City of Fairbanks published a notice of sale of city-owned property including Tax Lot 1 in Tract B of the Graehl Subdivision.[1] The notice stated that the former record owner of the parcel was unknown, but that any person establishing that he or she was the former record owner or the assignee of the former record owner could repurchase the property from the city upon payment of back taxes and assessments.[2] Thelma Gregor responded to the notice, asserting that she was the owner of Tax Lot 1, and she tendered the sum of $3000 to the city as the full amount due on the property within the time allowed for repurchase by the former record owner. The city rejected Gregor's tender on the ground that she had not established that she was the former record owner of the parcel in question.

Gregor then filed a complaint in superior court against the City of Fairbanks[3] requesting the court to establish her right of redemption with respect to Tax Lot 1 in Tract B of the Graehl Subdivision and to cancel all prior tax foreclosure deeds pertaining to the property.[4] The city moved for summary judgment,[5] primarily on the

1. The city had acquired the parcel designated Tax Lot 1 in 1973 through a property tax foreclosure proceeding. In accordance with standard foreclosure procedures for real property encumbered with delinquent tax liens, the Fairbanks North Star Borough obtained a tax deed on the property, which was recorded in the deed records of the Fairbanks Recording District on March 17, 1969. The property was subsequently conveyed by quitclaim deed to the City of Fairbanks upon payment by the city of the unpaid taxes and costs of foreclosure. The city's deed was also recorded. *See* AS 29.53.220–.360.

The city then gave notice of the sale of the subject property pursuant to AS 29.53.370 and § 11.131 of the Fairbanks Code of Ordinances. AS 29.53.370(b) provides, in pertinent part: "Tax-foreclosed properties conveyed to a borough or city by tax foreclosure and not required for a public purpose may be sold." Section 11.131(a) of the Fairbanks Code of Ordinances states:

Property deeded to the city under this article shall be held for a public purpose or sold. A public purpose shall be determined by resolution of the city council . . . . [P]roperty not held for a public purpose shall be sold at public auction within two (2) years of the execution of the deed to the city.

In *Municipality of Anchorage v. Wallace*, 597 P.2d 148 (Alaska 1979), we held that the government must provide notice before any taxforeclosed property was dedicated to a public purpose.

2. AS 29.53.375(a) provides for repurchase by the record owner as follows:

The record owner at the time of tax foreclosure of property acquired by a borough or city, or his assigns, may, at any time before the sale or contract of sale of the tax-foreclosed property by the borough or city, repurchase the property. The borough or city shall sell the property for the full amount applicable to the property under the judg-

ment and decree, with interest at the rate of eight per cent a year from the date of entry of the judgment of foreclosure to the date of repurchase, delinquent taxes assessed and levied as though it had continued in private ownership, and costs of foreclosure and sale, including, but not limited to, costs of publication of notice and any costs associated with the determination of holders of mortgages and other liens of record under § 350(a) of this chapter.

*See also Jefferson v. Metropolitan Mortgage & Securities Co.*, 503 P.2d 1396, 1399 (Alaska 1972) (footnote omitted) (In Alaska, even after the time for redemption of the tax-foreclosed property has run, "the record owner may still purchase the property by paying the delinquent taxes, so long as the property has not yet been sold to a third party at a tax sale.").

3. The complaint was filed in propria persona.

4. The following recorded documents of title were disclosed upon examination of the title of the property in question:

Title to said premises, as vested, is deraigned from Tax Foreclosure Cause No. 66–77 in the Superior Court for the State of Alaska, Fourth Judicial District, wherein the property is described as "Tax Lot 1, SE Por. Tr. B Graehl" with the record owner listed as "Unknown."

Thereafter the Clerk of the Superior Court conveyed said premises to Fairbanks North Star Borough by Tax Deed recorded March 29, 1975 . . . .

Subsequently the Fairbanks North Star Borough conveyed such premises by metes and bounds description to the City of Fairbanks, Alaska, by Quitclaim Deed recorded April 17, 1973 . . . .

5. Alaska R.Civ.P. 56(b) provides:

A party against whom a claim . . . is asserted . . . may, at any time, move

basis that Gregor had failed to offer any proof that she was the former record owner of Tax Lot 1 within the meaning of § 11.131(c) of the Fairbanks Code of Ordinances. That ordinance provides:

> The former record owner of any property listed in the auction notice, or his assigns, shall have the right to repurchase such property within sixty (60) days following the date of first publication of the notice.[6]

After oral argument was heard on the motion and the opposition thereto, the superior court granted summary judgment for the City of Fairbanks and dismissed, with prejudice, Gregor's claim for relief. This appeal followed.

■ The main issue presented in this appeal is whether the superior court was correct in finding that Thelma Gregor, as the non-moving party, had produced no admissible evidence by affidavit reasonably tending to dispute the city's evidence that she was not the record owner of the property.[7] In support of its motion for summary judgment, the city submitted to the court an affidavit of a title examiner which concluded that Gregor had never been either a record owner of Tax Lot 1 or the assignee of a record owner. The title examiner's search was "limited to recorded instruments and documents of record in the Fairbanks Recording District," however. The trial court also apparently took judicial notice of the fact that the Gregor deed was not listed in the index of deeds. Appellant Gregor filed some fifteen affidavits in opposition to the motion for summary judgment which purported to establish her ownership of the land in question. Her own affidavits stated that she recalled recording a deed on the parcel at the time she received the deed from Alex Husak in 1945, but the page on which her deed was recorded was no longer in the official documents of record in the Fairbanks recording office.[8] Several of the other affiants supporting Gregor's opposition to the motion claimed to have seen the deed from Husak to Gregor and all of the affiants spoke of her ownership of the land in question. Gregor was unable to produce any documentation of the existence of the deed from her own personal records, however.

■ In light of the record in this case, we find persuasive Gregor's argument that there is a material dispute as to whether her deed was ever properly recorded.[9] As

for summary judgment in his favor as to all or any part thereof.

6. *See also* AS 29.53.375(a), which is set out in note 2 *supra.*

7. *E. g., Jennings v. State,* 566 P.2d 1304, 1309 (Alaska 1977); *Brock v. Rogers & Babler, Inc.,* 536 P.2d 778, 782–83 (Alaska 1975) (The party opposing a motion for summary judgment must set forth specific facts showing that she could produce admissible evidence reasonably tending to dispute the evidence of the party moving for summary judgment.).

8. In her answers to the city's interrogatories, appellant Gregor further detailed the actions which, in her view, constituted the exercise of dominium over the property in question. She stated, in part:

> Acts performed by the plaintiff since 1945 constituting possession of the property described in Paragraph "I" of the Complaint herein consisted of exercising general dominium over said property, erecting small cabins thereon, placing house trailers thereon, renting out portions of said property to tenants, clearing portions of said property, maintaining certain bridges which formerly ran from said property across Noyes Slough or across ditches forming access barriers to said property, and, as far as I know or thought, paying the property taxes on this property, if any, of which there were none at the time of acquiring the same.

9. In reaching this conclusion, we have implicitly rejected the line of cases which holds that where the record of a conveyance is either incorrectly or never transcribed by the actions of a careless recording officer, the grantee must suffer the consequences, regardless of the fact that she has done all she can do to ensure that the deed is properly recorded. These cases would remit the unfortunate recording grantee to a remedy against the recording officer or his sureties. *See generally* 6 R. Powell, The Law of Real Property ¶ 918, at 298.2 (rev. ed. 1977); Annot., 94 A.L.R. 1303 (1935).

The purpose of the statute requiring the recording of all conveyances of real property, AS 34.15.290, is to protect innocent purchasers against unrecorded deeds to third parties. *See James v. Nelson,* 90 F.2d 910 (9th Cir.), *cert. denied,* 302 U.S. 721, 58 S.Ct. 41, 82 L.Ed. 556

the non-moving party, she need only "set forth specific facts showing that she could produce admissible evidence reasonably tending to dispute the movant's evidence."[10] We think that Gregor's statement in her affidavit at least "reasonably" disputes the city's evidence showing lack of recording.[11] Thus, we find it necessary to vacate the summary judgment in this case, and remand the matter to the superior court for further proceedings.[12]

Reversed and Remanded.

(1937); *Sabo v. Horvath*, 559 P.2d 1038 (Alaska 1976). Nevertheless, it has been recognized that in a case where the grantee has recorded the deed and the recording officer incorrectly files it, the document is deemed to be recorded. *See Tullinen v. Gielarowski*, 2 Alaska L.J. 169, 172 (December 1964), where Superior Court Judge James Fitzgerald wrote: "I conclude that a document is recorded when filed with the Recorder regardless of whether or not that official properly prepares the index."

10. *Brock v. Rogers & Babler, Inc.*, 536 P.2d 778, 782–83 (Alaska 1975) (footnote omitted). Admittedly, appellant's statement in her affidavit is self-serving; however, its weight should be determined by the trier of fact. *See Harris v. Alaska Title Guaranty Co.*, 510 P.2d 501, 503 (Alaska 1973). Although the fact that issues of credibility are involved does not absolutely preclude summary judgment, this court has recognized that whether summary judgment should be denied because of credibility is difficult to determine. As stated in *Harris*, "[t]rial by affidavit is no substitute for trial by jury." *Id.*, quoting *Poller v. Columbia Broadcasting Sys.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458, 464 (1962) (footnote omitted). "[O]n a motion for summary judgment all inferences from the underlying facts must be viewed in the light most favorable to the party opposing

the motion . . . ." *Webb v. City and Borough of Sitka*, 561 P.2d 731, 734 (Alaska 1977).

11. We are also cognizant of the fact that the city, in its reply to Gregor's opposition to the motion for summary judgment, indicated that it had ascertained that Alex Husak deeded the property in question to Paul Omlin on January 5, 1945; that Omlin, in July of 1945, in turn deeded the property to Andrew and Frances Johnson; and that in October 1951 the Johnsons deeded the tract to Michael S. Becker. Nevertheless, in its answer to the original complaint, the city admitted that it does not know who is the former record owner of the property in question. On remand, if it still appears that the former record owner is not identifiable, the superior court should give consideration to allowing Thelma Gregor to establish legal title to Tax Lot 1 by whatever means is available to her. *See* AS 09.45.010; AS 09.45.630.

12. Our decision makes it unnecessary to reach any other issue raised by appellant in the appeal. Further, we deem it sufficient to note that we have examined all the grounds urged by the City of Fairbanks for upholding the superior court's grant of summary judgment and have found them to be without merit.